### THOMAS L. ROBINSON *vs.* LYDIA A. J. TROFITTER.

If the purchaser of land at auction deposits with the auctioneer a sum of money, in compliance with the terms of sale, and the sale is afterwards abandoned by mutual consent of the parties, and the purchaser thereupon forbids the auctioneer to pay over the money to the vendor, and thus prevents him from doing so, the latter is not responsible to the purchaser for its return.

CONTRACT brought to recover the sum of two hundred dollars paid as " forfeit money " by the plaintiff to an auctioneer employed by the defendant to sell an estate which was bid off at auction by the plaintiff.

At the trial in the superior court, before *Russell*, J., without a jury, it appeared that the money was deposited by the plaintiff in the hands of the auctioneer in compliance with the terms of sale, and that the defendant was to make a good title on or before April 27th 1864; that before that time the defendant executed a warranty deed of the estate, and deposited it in the

hands of her attorney for delivery to the plaintiff on payment of the purchase money, and notified the plaintiff's attorney thereof; that the plaintiff declared to the defendant his readiness to pay the purchase money, upon receiving a satisfactory title, but alleged that there was an incumbrance on the estate ; that there was an undischarged attachment upon the estate, but on April 28th the plaintiff's counsel, who had used reasonable diligence in the investigation, had satisfied himself that this constituted no actual incumbrance thereon ; that subsequently the parties interchanged messages concerning the execution of the agreement, but neither of them tendered a performance to the other, and the judge found that the bargain was given up by the parties; that on the 3d of May the defendant sold the estate to another person, and the plaintiff demanded the return of the deposit money of the auctioneer, but not of the defendant; and that the money has always remained in the hands of the auctioneer, each party having forbidden him to pay it to the other.

The judge found for the plaintiff, and the defendant alleged exceptions.

*G. H. Kingsbury,* for the defendant. The burden of proof was on the plaintiff to show a defect of title. *Packard v. Usher,* 7 Gray, 532. There was no such defect, and the defendant was ready and offered to perform her contract. There having been no default on her part, the deposit was forfeited. 1 Sugden on Vend. (7th Amer. ed.) 49, 50. *Green v. Green,* 9 Cow. 46. At all events, the plaintiff cannot, under the circumstances of this case, recover it of the defendant. The auctioneer alone is liable, if anybody. *Johnson v. Roberts,* 30 Eng. Law & Eq. R. 234. *Harrington v. Hoggart,* 1 B. & Ad. 577. *Burrough v. Skinner,* 5 Burr. 2639. *Edwards v. Hodding,* 1 C. Marsh. 377.

*R. D. Smith,* for the plaintiff. The sale having been abandoned, no demand of the deposit money was necessary before bringing suit. *Norfolk v. Worthy,* 1 Camp. 337. *Palmer v. Temple,* 9 Ad. & El. 519. *Harrington v. Hoggart,* 1 B. & Ad. 577. The money was paid to the auctioneer for the defendant and it went as a part of the purchase money. *Bamford v. Shuttleworth,* 11 Ad. & El. 926. There 's nothing to show that the

auctioneer received the money as a deposit; and the judge must have found that he received it as the defendant's agent. See *Palmer* v. *Temple,* 9 Ad. & El. 508. But upon a rescission of the sale even a deposit, strictly so called, ought to be recoverable from the vendor. An auctioneer is not a sworn and licensed officer, as in England, and he does not give bonds for the faithful performance of his duties. He is not the agent of both parties, *ex vi termini. Bartlett* v. *Purnell,* 4 Ad. & El. 792. The only cases where he has been so held are in reference to the statute of frauds. 2 Kent Com. (6th ed.) 540. *Buckmaster* v. *Harrop,* 13 Ves. 456. *Bird* v. *Boulter,* 4 B. & Ad. 443. *Morton* v. *Dean,* 13 Met. 388. *Gill* v. *Bicknell,* 2 Cush. 355. *Fessenden* v. *Mussey,* 11 Cush. 127. The auctioneer is selected, employed and paid by the vendor. All his interest is with the vendor. Loss of deposit by his insolvency falls on the vendor. 1 Sugden on Vend. (7th Amer. ed.) 50. *Edwards* v. *Hodding,* 1 C. Marsh. 377; *S. C.* 5 Taunt. 815. A deposit is a part payment of the purchase money; and, upon rescission or failure of sale, an action lies against the vendor to recover a deposit paid to the auctioneer. *De Bernales* v. *Wood,* 3 Camp. 258. *Jones* v. *Edney,* Ib. 285. *Simmons* v. *Heseltine,* 5 C. B. (N. S.) 571. *Sansom* v. *Rhodes,* 8 Scott, 544.

DEWEY, J. The plaintiff, upon the facts stated, is not entitled to maintain this action, not because the vendee of an estate sold by an auctioneer may not in some cases resort to the vendor for money paid by him as a condition of the sale, but for other reasons which will be stated.

The two hundred dollars paid to the auctioneer was, as stated in the case of the plaintiff, paid as "forfeit money" in case the vendee failed to perform his contract in reference to the purchase. There was no default shown to exist on the part of the owner of the land, either in reference to his title, or his readiness to execute a proper deed. The plaintiff acted under the false assumption that there was an existing incumbrance on the estate. The plaintiff never tendered the purchase money, and the judge who heard the case found as a fact that the bargain was given up by both parties. When the contract was thus

mutually released, and the plaintiff discharged from all claim for forfeiture of the two hundred dollars, he knew that the money paid by him was in the hands of the auctioneer. He forbade the auctioneer to pay it over to the defendant, and demanded payment thereof by the auctioneer to himself, but has never demanded the same of the defendant. The plaintiff thus recognized the auctioneer as holding the money for himself exclusively, and by the mutual abandonment of the contract by the parties without any further stipulation as to the repayment of the two hundred dollars, he was entitled to recover the same of the auctioneer, and, under the circumstances of the case, of him alone.

The ruling of the judge, upon the facts found by him to be proved, that the defendant was liable in the present action, was erroneous. *Exceptions sustained.*

